Filed 5/21/15  Wu v. City of Poway CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GEORGE SHEN-CHIH WU et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF POWAY,<br><br>Defendant and Respondent. | D065225<br><br><br>(Super. Ct. No. 37-2011-00095729-CU-CR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel M. Pressman, Judge.  Reversed and remanded with directions.

George Shen-Chih Wu and Helen Mei-Hwei Wu, in pro. per., for Plaintiffs and Appellants.

Kutak Rock and Edwin J. Richards, Antoinette P. Hewitt, for Defendant and Respondent.

George Shen-Chih Wu and Helen Mei-Hwei Wu (the Wus)[1] appeal from a summary judgment in favor of respondent the City of Poway (the City) on the Wus' complaint alleging causes of action for violation of civil rights under the federal Civil Rights Act, title 42 United States Code section 1983 (section 1983), nuisance and inverse condemnation, and seeking a petition for writ of mandate.

The Wus contend: (1) the trial court erred by summarily adjudicating their section 1983 cause of action because the City never sought its summary adjudication; (2) their causes of action for nuisance and inverse condemnation and their request for a writ of mandate were not time-barred; (3) the court erroneously sustained the City's objections to certain statements included in Helen Wu's declaration filed in opposition to the City's motion for summary adjudication; and (4) there was cumulative error. Finding merit in the first contention, we reverse and remand with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011, the Wus filed a complaint against the City, San Diego Gas & Electric Company (SDG&E), AT&T, and two neighbors of the Wus, including a Poway City council member.[2] After the trial court sustained the City's demurrer, the Wus filed the underlying second amended complaint against the City and SDG&E, alleging causes

---

[1]     We sometimes refer to Helen Wu by her first name to avoid confusion.

[2]     In the Wus' first appeal from a judgment against SDG&E based on the same set of operative facts as those presented here, we held the Wus' nuisance cause of action was time-barred. (*Wu et al. v. San Diego Gas & Electric Company* (Nov. 14, 2014, D064045) [nonpub. opn.] (*Wu I*).) SDG&E is not a party to the current appeal.

of action for violation of section 1983, nuisance, inverse condemnation, and seeking a petition for writ of mandate. The Wus alleged: "The City's ongoing failure and refusal to complete the under-grounding of the overhead dry utilities on and over [the Wus'] property is not only in violation of the Poway general plan, but is arbitrary and discriminatory and in violation of [the Wus'] civil rights and due process, in an ongoing pattern of harassment and intimidation, since the Corky McMillin Companies sent notice to the property owners on Creek Road [in Poway, California], and the Corky McMillin Sewer Project, Phase D was approved by the City. To the present date, the above-ground dry utilities have been under-grounded for [the Wus'] neighbors, but not for [the Wus]. Further, the [Wus'] neighbors did not have to pay any of the costs of the under-grounding of their dry utilities." (Some capitalization omitted.) The Wus alleged it was the City's failure to require the completion of the developer's project—and not the Wus' conduct— that constituted a nuisance. Further, that failure was discriminatory and violated the Wus' civil rights and due process rights "in an ongoing pattern of harassment and intimidation, since the City has failed and refused to remove unreasonable restrictions which are of public record, specifically that a property owner must perform specified work on a neighbor's property, subject to conditions, at [the Wus') expense, before [the Wus] can proceed with their own development." The Wus alleged SDG&E controlled an easement where the nuisance was located; therefore, SDG&E was responsible for it.

The Wus alleged that in June 2010, the City filed an abatement warrant in the superior court against the Wus, stating they had failed to permit the City to enter their property to remove "highly flammable chaparral within 100 feet of habitable structures."

3

They alleged the City discriminated against them by allowing one neighbor to destroy the natural vegetation in her backyard within and beyond 100 feet of habitable structures without permission from the U.S. Fish and Wildlife Service or the California Department of Fish and Game.

According to the Wus, about the same time the City filed its abatement warrant, the City removed weeds and other vegetation from their neighbors' front yards but did not remove weeds in front of the Wus' property, thereby "intentionally treat[ing] [the Wus] differently from others similarly situated without a rational basis for their difference in treatment." The Wus alleged the City discriminated against them by giving them only 30 days to comply with the City's Wildfire Defensible Space Program requirements, while giving their neighbors up to 130 days to comply.

The Wus alleged that in July 2010, they unsuccessfully appealed the finding of nuisance to the Poway Mayor and City Council. They alleged the City failed to timely provide them notice of the final ruling of the appeal by first class mail.

The Wus' inverse condemnation cause of action was based on the City's alleged "refusal to under-ground the above-ground dry utilities along Creek Road . . . and [the City's] refusal to remove unreasonable restrictions which are of public record [that] constitutes a taking for which [the Wus] have not received any compensation from the City."

The Wus' petition for writ of mandate related to the City's asserted "clear, present and ministerial duty not to create or perpetuate a public and/or private nuisance and/or a

4

dangerous condition on [their] real property, in violation of California Civil Code [section] 3479[ ]et seq."

The City moved for summary adjudication of the causes of action for nuisance, inverse condemnation and the petition for writ of mandate, contending they were time-barred under Code of Civil Procedure section 338. Its motion did not address the Wus' section 1983 cause of action.

The Wus opposed the motion on grounds their causes of action were not time-barred. Helen submitted a declaration in opposition to the motion. The City objected to 31 statements made in Helen's declaration. The court sustained all but four of the City's objections to Helen's declaration. In its tentative ruling, the court stated it would "grant summary judgment" of the Wus' causes of action, but it only specifically addressed the nuisance and inverse condemnation causes of action and its petition for writ of mandate, finding they were time-barred. It did not state it was dismissing the City as a defendant. The court's final ruling granted summary judgment as to all causes of action, including the section 1983 claim; moreover, the court dismissed the City as a defendant.

The Wus submitted on the court's tentative ruling and therefore they did not appear at a scheduled hearing on the tentative ruling.

The Wus filed an ex parte application to vacate the court's order granting summary judgment, arguing the court had not granted them an opportunity to be heard on their section 1983 cause of action before dismissing the City as a defendant. But approximately three weeks later, the Wus withdrew their ex parte application.

On October 21, 2013, the court entered judgment. The Wus timely appealed.

5

DISCUSSION

I.

The Wus contend the trial court did not grant them an opportunity to be heard on the section 1983 cause of action before summarily adjudicating it, thus violating their constitutional due process rights.

"A defendant's motion for summary judgment should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law. [Citation.] The burden of persuasion remains with the party moving for summary judgment. [Citation.] When the defendant moves for summary judgment, in those circumstances in which the plaintiff would have the burden of proof by a preponderance of the evidence, the defendant must present evidence that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true [citation], or the defendant must establish that an element of the claim cannot be established, by presenting evidence that the plaintiff 'does not possess and cannot reasonably obtain, needed evidence.' " (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003 (*Kahn*).)

"We review the record and the determination of the trial court de novo." (*Kahn, supra*, 31 Cal.4th at p. 1003.) "[W]e must view the evidence in a light favorable to plaintiff as the losing party [citation], liberally construing [the plaintiff's] evidentiary submission while strictly scrutinizing defendants' own showing, and resolving any evidentiary doubts or ambiguities in plaintiff's favor." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768.)

The City concedes it "did not expressly move the trial court for summary adjudication of the [section] 1983 claim," but argues "the trial court's ruling can be affirmed as the Wus had ample opportunities to be heard." Specifically, the City points out the Wus submitted on the court's tentative ruling, withdrew their ex parte application challenging the court's decision to grant summary judgment, and failed to move for relief on the ground of mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc., § 473, subd. (b)) or for reconsideration. (Code Civ. Proc., § 1008.) Finally, the City argues the trial court was authorized to sua sponte treat the section 1983 claim via a motion for judgment on the pleadings. While acknowledging the trial court would be required to accord the Wus adequate notice and an opportunity to be heard, the City claims those due process requirements were met here "in the form of various post-trial procedures—procedures that [the Wus] chose not to invoke."

We conclude that under Code of Civil Procedure section 437c, subdivision (p), the City has the summary judgment burdens backwards. "First, and generally, from commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that [it] is entitled to judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) "Second, and generally, the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if [it] carries [its] burden of production, [it] causes a shift, and the opposing party is then subjected to a

7

burden of production of [its] own to make a prima facie showing of the existence of a triable issue of material fact." (*Ibid.*) Until the moving party meets its initial burden of production, the opposing party has no obligation to establish anything. (*Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 468.) The section 1983 claim was not before the trial court because the City elected not to raise it in its moving papers. Accordingly, no basis in the record existed for the court to summarily adjudicate it. The Wus had no obligation to provide evidence relating to their section 1983 claim to create a triable issue of fact because City failed to make a prima facie showing of no triable issue as to that cause of action.

The City relies on *Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59 (*Juge*), for the proposition that courts have inherent power to grant summary judgment on grounds not explicitly raised by the moving party "when the material fact is undisputed and entitles the moving party to judgment as a matter of law." (*Id.* at p. 69.) The assertion is unavailing.

In *Juge, supra,* 12 Cal.App.4th 59, an injured bicyclist sued a county for negligence and premises liability, alleging the county failed to use proper design criteria and uniform specifications in designing and constructing a bike trail. (*Id.* at p. 63.) The county moved for summary judgment on two grounds: its design of the bikeway was protected by design immunity, and the uniform standard was not in effect when the bike trail was designed and did not apply retroactively. (*Id.* at pp. 63-64.) Neither ground encompassed the issue of lack of causation. Yet the county's motion for summary judgment alleged as undisputed facts that the plaintiff was traveling at a speed less than

13 miles per hour at the time of the accident, and that the curve was safely designed for said speed. (*Id.* at p. 62.) The plaintiff did not dispute these facts. The trial court informed the parties of its tentative ruling to grant summary judgment on the ground that the county had negated causation. Oral argument was requested and a hearing was held, at which the plaintiff did not indicate he could produce further evidence and did not seek a continuance to do so. (*Id.* at pp. 72-73.) The Court of Appeal affirmed, explaining, "Under these circumstances, the trial court was not barred from granting the summary judgment motion on a ground of law raised by the trial court." (*Id.* at p. 73.) The *Juge* court pointed out that although the defendant did not expressly argue the essential element of causation was negated, the point was "obliquely" advanced in the papers submitted to the trial court. (*Id*. at p. 71.)

Here, by contrast, the City's separate statements and evidence in support thereof did not at all address or show the absence of a triable issue of material fact put in issue by the Wus' section 1983 cause of action. Further, the Wus were given no opportunity to submit evidence to support that cause of action. It is true the Wus raised the matter in their ex parte application to vacate the court's order, which they later abandoned. Nonetheless, their failure to pursue their ex parte application does not foreclose their raising their claim on appeal and our resolving it. Accordingly, on this record, we conclude reversal of the summary adjudication of the section 1983 cause of action against the Wus is required.

Having resolved this matter by applying the summary judgment burden of proof under Code of Civil Procedure section 437c, subdivision (p), we need not address the

9

parties' arguments regarding constitutional due process. "It is a well-settled rule that if statutory relief is adequate, it is unnecessary and inappropriate for a court to reach constitutional issues." (*Americans for Safe Access v. County of Alameda* (2009) 174 Cal.App.4th 1287, 1295; see *Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2006) 40 Cal.4th 1, 17, fn. 13 ["As a prudential matter, we routinely decline to address constitutional questions when it is unnecessary to reach them."].) Such judicial restraint is warranted here. Further, we express no opinion on the merits of the section 1983 cause of action.

II.

*The Wus' Remaining Causes of Action Are Time-Barred*

As noted, in *Wu I*, we ruled the Wus' nuisance cause of action was barred by the three-year statute of limitation set forth in Code of Civil Procedure section 338, subdivision (b), which applies to "[a]n action for trespass upon or injury to real property." We stated SDG&E had erected the electrical installations in 1959, and therefore using that date for the statute of limitations to commence, the statute of limitations had expired several decades before the plaintiffs brought their lawsuit in 2011. Even using a later commencement date for the limitations period such as when the Wus negotiated for SDG&E to bury the electrical installations in 2000 or when SDG&E refunded the Wus their money in 2004, the statute of limitations had expired. We conclude the same analysis applies to the Wus' nuisance cause of action in this case.

Here, in summarily adjudicating the Wus' inverse condemnation cause of action, the trial court applied Code of Civil Procedure section 338 and alternatively considered

10

the five-year statute of limitations contained in Code of Civil Procedure sections 318 and 319,[3] concluding the cause of action was still time-barred.  We agree with that conclusion based on the statutory language and the facts of this case.

The trial court ruled the petition for writ of mandate was "time[-]barred pursuant to . . . Code of Civil Procedure section 1094.6.[4]  [The Wus] received a final notice regarding their [Wildfire Defensible Space Program] appeal on July 21, 2010.  [They] should have filed this cause of action no later than October 19, 2010."  The Wus have provided us no satisfactory basis for disputing this conclusion.

In light of our disposition of this case, we need not address the court's evidentiary rulings on the City's objections to Helen Wu's declaration.

---

[3]     Code of Civil Procedure section 318 states:  "No action for the recovery of real property, or for the recovery of the possession thereof, can be maintained, unless it appear that the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the property in question, within five years before the commencement of the action."

Code of Civil Procedure section 319 states:  "No cause of action, or defense to an action, arising out of the title to real property, or to rents or profits out of the same, can be effectual, unless it appear that the person prosecuting the action, or making the defense, or under whose title the action is prosecuted, or the defense is made, or the ancestor, predecessor, or grantor of such person was seized or possessed of the premises in question within five years before the commencement of the Act in respect to which such action is prosecuted or defense made."

[4]     Code of Civil Procedure section 1094.6, subdivisions (a) and (b) provide that a request for judicial review of a local agency's decision must be filed no later than 90 days following the date on which the decision becomes final.

11

DISPOSITION

The judgment is reversed.  On remand, the court shall enter an order summarily adjudicating in the City of Poway's favor the causes of action for nuisance, inverse condemnation and the petition for writ of mandate, and permit the cause of action under the federal Civil Rights Act, title 42 United States Code section 1983 to proceed.  George Shen-Chih Wu and Helen Mei-Hwei-Wu are awarded costs on appeal.


O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.